**HEW EMPLOYEES FEDERAL CREDIT UNION, Appellant,**

v.

**Jesse E. LEWIS, Appellee.**

No. 1994.

Municipal Court of Appeals for the District of Columbia.

Argued July 1, 1957.

Decided Oct. 8, 1957.

George C. Dreos, Washington, D. C., for appellant.

William A. Smith, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In this action on a promissory note, tried without a jury, there was a finding for the defendant at the conclusion of plaintiff's case, and judgment was entered thereon after hearing and denial of a motion for new trial. The record brought here does not include a statement of proceedings and evidence or a reporter's transcript

of the trial,[1] or an agreed statement on appeal.[2]  Instead, it includes a reporter's transcript of the hearing on the motion for a new trial.

 Six claims of error are asserted. First, it is claimed that there was error in failing to grant a new trial.  The grant or denial of a new trial rests in the discretion of the trial court and on the record before us we find no abuse of discretion.

The second and third claims of error assert that the verdict (finding) was contrary to the evidence and the law. Without the evidence before us, we cannot pass upon either of these claims.

The fourth and fifth claims of error assert that Rule 70(a) of the trial court is invalid and that such rule has no application to this case.  Not having the evidence or proceedings before us, we cannot determine the applicability of the rule, and we will not attempt to pass upon the validity of a rule except in its relation to a specific state of facts.

The final claim of error is that the trial court abused its discretion in refusing to allow appellant to reopen its case, and again we are precluded from passing on the merits of this claim because of the failure of the record to disclose the circumstances under which the action of the trial court took place.

In conclusion we may say that the transcript of the hearing on the motion for a new trial does contain a summary by the trial court of what occurred at trial, but it is evident such summary was not made as a statement of proceedings and evidence for an appeal, but was made in view of a claim in the motion for a new trial—which claim is not advanced here—that the trial court "was biased against plaintiff and/or had prejudged this action." We cannot accept this summary for a pur-

pose for which it was not made.  For the lack of an adequate record the appeal must be dismissed.

Appeal  dismissed.